FILED
07/11/2023
*Molly Bradberry*
CLERK
Park County District Court
STATE OF MONTANA
By: Meghan Miller
DV-34-2023-0000075-PI
Gilbert, Brenda
1.00

Ian P. Gillespie
**DRIGGS, BILLS & DAY, P.C.**
910 Brooks Street, Suite 202
Missoula, MT 59801
Phone: (406) 206-9707
Fax: (406) 206-9707
igillespie@advocates.com
*Attorney for Plaintiff*



FILED

JUL 2 5 2023

Clerk, U S District Court
District Of Montana
Billings

# MONTANA SIXTH JUDICIAL DISTRICT COURT
## PARK COUNTY

| | |
|---|---|
| LAURA LEONTI,<br><br>  Plaintiff,<br><br>v.<br><br>HELL'S A'ROARIN' OUTFITTERS, INC., and DOES 1-5 individually and collectively,<br><br>  Defendants. | CV-23-83-BLG-SPW-TJC<br><br>**Dept. No.** _____<br><br>**Cause No.** <u>DV-34-2023-0000075-PI</u><br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW Plaintiff Laura Leonti ("Leonti"), by and through her counsel of record, Ian P. Gillespie of Driggs, Bills & Day, P.C. and files her Complaint and Demand for Jury Trial against Defendant Hell's A'Roarin' Outfitters, Inc. ("Defendant"), and states and alleges as follows:

---

CV.23.83.BLG.SPW.TJC

## PARTIES, JURISDICTION, AND VENUE

1)      At all times relevant hereto, Plaintiff Laura Leonti is and was a resident of Englewood, New Jersey.

2)      Defendant Hell's A'Roarin' Outfitters, Inc. is located in and conducts business at 164 Crevice Mountain Road, Gardiner, Montana, Park County, Montana and is an entity registered to do business in the State of Montana.

3)      The events at issue herein occurred in Park County, Montana.

4)      This Court has jurisdiction over the subject matters and the parties to this action.  The amount in controversy exceeds $12,000. Venue properly lies in the Montana Sixth Judicial District, Park County.

## GENERAL ALLEGATIONS

5)      On or about July 31, 2021, Leonti and her family booked a horseback riding trip with Defendant while Leonti and her family were visiting Park County on vacation.

6)      Defendant is a company that organizes and facilitates horseback riding excursions.

//

---

7)    Leonti and her family were beginner/novice horse riders, and Defendant knew or should have known that Leonti and her family were beginner/novice horse riders.

8)    Defendant assigned a young and inexperienced guide ("Guide"), who was approximately 17-19 years old, to Leonti's group. The Guide was Defendant's employee and/or agent.

9)    Defendant also assigned Leonti a difficult horse which was having issues throughout the excursion. It was apparent to the group, including the Guide, that Plaintiff's horse was behaving difficultly.

10)    During the excursion, the Guide would periodically start trotting with his horse during the excursion, which is a wanton, reckless, and/or willful act that disregards the safety of Leonti and her family because Leonti and her family were beginner/novice horse riders.

11)    At one point, the Guide took the group off trail into rough and steep terrain, which was very uncomfortable for Leonti and her family, and horse-riding through this terrain was beyond Leonti and her family's abilities and beyond the abilities of any beginner horse rider.

//

---

**Complaint and Demand for Jury Trial**                                    **3**

12)    The Guide, Leonti, and her family then reached relatively level terrain. At or around that time, the Guide took off running on his horse, which, in turn, caused Leonti's horse to start running, which then caused Leonti to fall off the horse and to suffer serious injuries, including breaking her pelvis.

13)    Defendant failed to provide adequate safety and rescue measures to respond to Leonti and her serious injury. After Leonti fell from the horse, the Guide left Leonti and her family on the mountain because the Guide did not have a radio or walkie talkie to call for help. It took the Guide over an hour to return, and the Guide and other employees of Defendant arrived with an ATV. The ATV was not equipped to transport a seriously injured person. For example, every time the ATV encountered a creek, Leonti had to get off the ATV and walk through the creek with a broken pelvis. During this entire time, Leonti was in excruciating pain.

14)    When Leonti arrived at Defendant's place of business, no ambulance was there, and Defendant never called an ambulance. Leonti's husband then transported Leonti from Garinder, Montana to Livingston Health Care in Livingston, Montana. Leonti was then transported via ambulance to Billings Clinic in Billings Montana. Leonti was then life-flighted to New Jersey so she could obtain the necessary hip surgery and recover from the surgery and her injuries at her home.

---

**Complaint and Demand for Jury Trial**                                                    4

15)    The fall, and subsequent actions, caused Leonti serious injuries, including, without limitation: complex left pelvic acetabular fracture, closed head injury, hip injury, scarring, disfigurement, and radiculopathy of lumbar region.

16)    As a further direct result of the fall and Defendant's related conduct, Leonti has incurred and will continue to incur significant medical expense; physical pain and suffering; emotional distress; and loss of established course of life, independence, and enjoyment of life.

## COUNT ONE
## VIOLATION OF THE EQUINE ACT (MCA §§ 27-1-725 *et seq.*)

17)    Leonti re-alleges each and every allegation set forth in Paragraphs 1 through 16 as though fully set forth herein.

18)    Under the Equine Act (MCA §§ 27-1-725 *et seq.*), Defendant, as an equine professional and sponsor, owed duties to Leonti, as an equine participant, to (I) make reasonable and prudent efforts to determine the ability of Leonti to safely engage in the equine activity and Leonti's ability to safely manage the particular equine based on Leonti's representations as to Leonti's ability; and (II) not commit willful, reckless, or wanton acts or omissions that disregard Leonti's safety.

19)    Defendant breached these duties owed to Leonti by:

---

a.  The Guide, within the scope of his employment, taking off and running on the Guide's horse, which, in turn, willfully, recklessly, and wantonly caused Leonti's horse to take off and caused Leonti to fall from the horse and sustain serious injury;

b.  Failing to make a reasonable and prudent effort to determine Leonti's ability to safely engage in the equine activity; and

c.  Failing to assign Leonti a horse/equine that was appropriate for Leonti's ability as a beginner/novice horse rider.

20)    Defendant's breach of these duties directly and proximately caused Leonti to sustain significant bodily injuries and scarring; past and future medical expenses; past and future pain and suffering; past and future emotional distress; past and future loss of established course of life, independence, and enjoyment of life; disfigurement; embarrassment; and increased risk of accidents and future health problems.

21)    Moreover, Defendant, through its Guide taking off and running on his horse with a group of beginner horse riders (including Leonti), acted in conscious or intentional disregard of the high probability of injury to Leonti and/or acted with indifference to the high probability of injury to Leonti.  As such, Leonti seeks to

---

**Complaint and Demand for Jury Trial**                                            6

recover punitive damages from Defendant.  MCA § 27-1-221.

## COUNT TWO
## NEGLIGENCE

22)    Leonti re-alleges each and every allegation set forth in Paragraphs 1 through 21 as though fully set forth herein.

23)    Defendant had a duty to act with reasonable care and without negligence when responding to an injured participant, such as Leonti, including providing adequate safety and rescue measures to respond to injured participants.

24)    Defendant failed to provide adequate safety and rescue measures to Leonti after she fell from the horse.

25)    As a direct and proximate result of Defendant's negligent conduct, Leonti suffered additional pain and suffering, emotional distress, and injury.

## REQUEST FOR RELIEF

**WHEREFORE,** Leonti prays for relief as follows:

1)    Damages for past and future medical expenses; past and future pain and suffering; past and future emotional distress; embarrassment; disfigurement; past and future loss of established course of life,

---

independence, and enjoyment of life; and increased risk of accidents and future health problems;

2)    For punitive damages caused by Defendant's actual malice;

3)    For pre-judgment and post-judgment interest as permitted by law; and

4)    For such other and further relief as the Court may deem just and proper.

## DEMAND FOR JURY TRIAL

Plaintiff hereby requests a jury trial for all issues so triable.

DATED this 11th day of July, 2023.

> **DRIGGS, BILLS & DAY, P.C.**
> *Attorney for Plaintiff*
>
>
> /s/ Ian P. Gillespie
> Ian P. Gillespie